IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD C. SMITH,

                Plaintiff,

v.                                   Case No. 03-3451-SAC

PHAMM (fnu) et al.,

                Defendants.

**ORDER**

These matters comes before the court on plaintiff's Motion to Compel (Doc. 57), Motion Requesting Class Certification and to Appoint Counsel for the Class (Doc. 58), Motion for Pretrial Conference (Doc. 59), Motion for Sanctions (Doc. 60) and Motion to Compel (Doc. 61), Motions to Strike Defendants Sanders' Responses (Docs. 72 and 73), Motion to Appoint Counsel (Doc. 74), and Motion to Supplement Exhibit A of plaintiff's response (Doc. 75). Theses motions are either fully briefed[1] or sufficiently briefed for the court to enter a ruling.[2]

**I.    Background**

Plaintiff initiated this action on November 20, 2003. On March 16, 2005, the Honorable G. Thomas Van Bebber granted provisionally plaintiff's motions for service (Docs. 6 and 9), but denied plaintiff's motions for appointment of counsel and for class certification (Docs. 4, 5, and 7).[3] On October 4, 2005, plaintiff noticed his voluntary dismissal of all claims against defendants Cummings

---

[1]Defendant Sanders has filed several responses to these motions. See Responses (Docs. 62, 63, 64, 65 and 66). Plaintiff filed a response to his Motion Requesting Class Certification (Doc. 66) which the court construes as a reply. Plaintiff also filed Motions to Strike (Docs. 72 and 73) which the court construes as replies in support of his pending motions.

[2]Specifically, the court finds further briefing regarding plaintiff's Motion to Appoint Counsel (Doc. 74) and Motion to Supplement (Doc. 75) unnecessary.

[3]*See* Order (Doc. 10).

and Roberts (Doc. 14) and the court terminated those defendants from the docket.

On June 3, 2005, this case was transferred to the Honorable Sam A. Crow.[4] On February 7, 2006, Judge Crow instructed the clerk of the court to (1) prepare summons and waiver of service forms for the remaining defendants pursuant to Rule 4 (d) of the Federal Rules of Civil procedure and (2) list the Kansas Department of Corrections ("KDOC") as an interested party in the lawsuit. Judge Crow then directed the KDOC to undertake a review of the subject matter of the complaint and prepare a *Martinez* report. Judge Crow also ordered "Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f)."[5]

Summons were returned executed by the Attorney General's Office as to defendants Bottorff, Sanders, Sharp, and Phamm indicating that the State did not represent these defendants.[6] However, defendants Bottorff and Sharp both executed a waiver of service (Docs. 16 and 17) and an attorney entered her appearance on behalf of both defendants (Docs. 28 and 32).

In the interim, plaintiff again filed motions for appointment of counsel and for class certification (Docs. 30 and 31) as well as for an entry of default (Doc. 27) and to compel discovery and sanction defendants (Doc. 34) all of which Judge Crow denied on February 9, 2007.[7] Judge Crow further ordered the clerk of the court to prepare a waiver of service form for defendant Sanders

---

[4]*See* Minute Order (Doc. 12).

[5]*See* Order (Doc. 15) at p. 3.

[6]*See* Returns of Service (Docs. 18-25).

[7]*See* Order (Doc. 36)

pursuant to Rule 4(d) and again required that the Department of Corrections file a *Martinez* report. On April 9, 2007, the Department of Corrections filed its *Martinez* report (Doc. 40).

On May 7, 2007 defendant Sharp filed a motion for a more definitive statement (Doc. 45) and defendant Bottorff filed a Motion to Dismiss (Doc. 46).  On September 25, 2007, Judge Crow denied defendant Sharp's motion for a more definitive statement and granted defendant Bottorff's unopposed motion for dismissal.[8]  The court further noted that defendant Phaam and Sanders had not filed a response and directed the clerk to reissue summons to those defendants.

Alias Summons were returned executed by certified mail on defendant Sanders (Docs. 54 and 67) and on defendant Phamm c/o Holbrook & Osborn, PA (Doc. 55), but Holbrook & Osborn sent a letter to the clerk stating they were unable to accept service on behalf of defendant Phaam. An attorney has entered her appearance on behalf of defendant Sanders, who has filed a Motion to Dismiss plaintiff's Amended Complaint (Doc. 56).

**II.    Discussion**

As a general matter, the court is mindful that plaintiff is proceeding *pro se* and thus his filings should be liberally construed and held to a less stringent standard.[9]  This requires the court to look past any confusion of legal theories or a failure to cite proper legal authority.[10]  However, despite this liberal construction, "the court will not construct arguments or theories for the [movant] in the absence of any discussion of those issues."[11]

---

[8] *See* Order (Doc. 50).

[9] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[10] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[11] *Id*.

3

A.     **Motion Requesting Class Certification and to Appoint Counsel for the Class (Doc. 58)**.

Federal Rule Civ. P. 23 governs certification of class actions. Pursuant to Rule 23, a class may only be certified if the following requirements are met: (1) Numerosity–where "the class is so numerous that joinder of all parties is impracticable"; (2) Commonality–where "there are questions of law or fact that are common to the class"; (3) Typicality–where "the claims or defenses of the representative parties are typical of the claims or defenses of the class"; and (4) Adequacy of Representation–where "the representative parties will fairly and adequately represent the interests of the class."[12] The party seeking class certification bears the burden to prove these elements and must do so "under a strict burden of proof."[13]

On two previous occasions the Court has denied plaintiff's motions for class certification, stating "Having examined the record, the court finds no basis to grant class certification. Plaintiff's claims do not appear to implicate the rights of large numbers of similarly-situated plaintiffs, and there is no reason to conclude that his claims could be litigated more effectively in a class action[]"[14] and finding "plaintiff has made no showing that class certification is warranted on any of these grounds [articulated by Rule 23], nor does the complaint suggest that any of these prerequisites are likely to be met."[15]

Upon the undersigned's review of the record, plaintiff has not addressed the reasons his

---

[12]*See Trevizo v. Adams*, 455 F.3d 1155, 1161-62 (10th Cir. 2006)(citing Fed. Rule Civ. P. 23(a)).

[13]*Id.* at 1162 (citing *Reed v. Browen*, 849 F.2d 1307, 1309 (10th Cir. 1988)).

[14]Order (Doc. 10) at p. 3.

[15]Order (Doc. 36 ) at p. 4.

motions for class certification were previously denied. Specifically, as to numerosity, plaintiff merely states that "Plaintiff and many other inmates are suffering with these diseases [AIDS and Hepatitis C] in the Kansas Department of Corrections and are being denied the proper and adequate medical treatment by the medical department."[16] Plaintiff contends that "this suit effects thousands of other inmates in the prison system, and that fact alone requires that this action be treated in a class action manor [sic]."[17] This, however, is a vague and unpersuasive showing. As to commonality, plaintiff has failed to demonstrate that the members of the putative class possess the same interest and suffer the same injury as each other and plaintiff. Indeed, plaintiff's motion has failed to prove that "the class is so numerous as to make joinder impracticable."[18] As a result, plaintiff has failed to carry his burden to demonstrate the applicability of the Rule 23 factors, and his third motion for class certification is denied.

**B.     Motion to Appoint Counsel (Doc. 74).**

"There is no constitutional right to appointed counsel in a civil case."[19] Whether to appoint counsel in a civil matter lies within the broad discretion of the court.[20] When considering the appointment of counsel to represent a civil litigant, the court must consider a all relevant factors, including the litigant's ability to retain counsel, the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of

---

[16] Motion for Class Certification (Doc. 58) at p. 4.

[17] *Id.*

[18] *Trevizo*, 455 F.3d at 1162 (citation omitted).

[19] *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989) (citing *Bethea v. Crouse*, 417 F.2d 504, 505 (10th Cir. 1969)).

[20] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

the legal issues raised by the claims."[21] That counsel could assist plaintiff in presenting "his strongest possible case" is not a proper basis for granting such a motion.[22]

The facts and issues involve plaintiff's treatment, and alleged violations of his civil rights, while he was incarcerated.[23] Generally, "[s]uch cases are not particularly complex"[24] and plaintiff has not demonstrated that his case is unique or unusually complicated. Moreover, plaintiff has failed to show the court any special circumstances that prevent him from presenting his claims such as a physical or mental impediment. Indeed, plaintiff has filed several motions in this case, as well as a detailed Amended Complaint, which indicates plaintiff's ability to adequately communicate with the court.[25] Indeed, Judge Van Bebber made similar findings when previously denying plaintiff's motion to appoint counsel.[26] Considering all of the relevant factors, the court denies plaintiff's

---

[21]*Id*.

[22]*Brown v. Gray*, No. 06-3003-JTM, 2007 U.S. Dist. LEXIS 69925, at * 6-7 (D. Kan. 2007).

[23]*See e.g.*, Complaint (Doc. 1).

[24]*Brown*, 2007 U.S. Dist. LEXIS 69925 at * 6 (citing *Abu-Fakher v. Bode*, 175 Fed. Appx. 179, 2006 WL 650671, at *5 (10th Cir. 2006) (affirming district court's denial of motion to appoint counsel in prisoner's case involving claims of cruel and unusual punishment); *Avery v. Anderson,* 94 Fed. Appx. 735, 2004 WL 723243, at *4 (10th Cir. 2004) (affirming district court finding that excessive force claim by a prisoner was not complex); *Herman v. Correctional Medical Servs., Inc.*, 66 Fed. Appx. 183, 2003 WL 21235499, at *3 (10th Cir. 2003) (affirming district court's decision to not appoint counsel for indigent prisoner alleging claims of cruel and unusual punishment)).

[25]*See e.g.*, *id* (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985); *Herman*, 66 Fed. Appx. 183, 2003 WL 21235499, at *3)).

[26]*See* Order (Doc. 10) at p. 2 ("The pleadings submitted by plaintiff are detailed and include legal citation. Because it is evident that the plaintiff can present his claims clearly, the court declines to appoint counsel at this time. Plaintiff may renew his motion upon the further development of the record.").

Motion for Appointment of Counsel without prejudice.

**C.     Plaintiff's Motions to Compel (Doc. 57, 59, and 61).**

Previously the Court ordered that "Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' *answer* or *response* to the complaint and the report requested herein."[27] Since defendants Sharp and Phaam have not filed an answer or a responsive pleading, plaintiff's Motions to Compel Discovery are premature and are denied without prejudice. Further, once discovery is permitted in this case, the court warns plaintiff that he must follow the Federal Rules of Civil Procedure and the local rules regarding discovery prior to filing a motion to compel.

**D.     Plaintiff's Motions to Strike (Docs. 72 and 73)**.

Similarly, plaintiff's Motions to Strike are ill-founded. Defendant Sanders is entitled to file a response to plaintiff's motions,[28] and plaintiff has not offered, and the court has not found, any valid basis for striking defendant Sanders' responses. As to plaintiff's Motion for Sanctions, plaintiff has not offered, and the court cannot ascertain, any reason as to why defendant Sanders should be sanctioned. Specifically, the court can find no fault with defendant Sanders regarding plaintiff's perceived delay of this instant action, as defendant Sanders was not served with the Amended Complaint until January 2, 2008.[29]

**E.     Plaintiff's Motion Requesting A Pretrial Conference (Doc. 59).**

Plaintiff's Motion seeking a Pretrial Conference is also premature. Defendant Sharp has not

---

[27]*See* Order (Doc. 15) at p. 3.

[28]*See e.g.*, D. Kan. 6.1(d).

[29]Response (Doc. 64) at p. 1.

7

filed a responsive pleading and defendant Phaam appears to not have been properly served. As a result, the court will require defendant Sharp to file a responsive pleading by a date certain and shall again instruct the clerk's office to serve summons on defendant Phaam. After defendant Sharp has filed a responsive pleading and after the court can ascertain whether defendant Phaam has been successfully served, the court will then address whether and/or when the undersigned should conduct a scheduling conference with the appropriate parties.

**F.    Plaintiff's Motion to Supplement Exhibit A of Plaintiff's Response and Written Objections to Defendant Thomas Sanders['] Motion to Dismiss Plaintiff's Amended Complaint[.] (Doc. 75).**

Plaintiff seeks to supplement his response (Doc. 69) to defendant Sanders' Motion to Dismiss with several pages of his initial grievance not included in plaintiff's Exhibit A. Accordingly, the court directs the clerk's office to attach plaintiff's Motion (Doc. 75) as a supplement to Exhibit A to plaintiff's Response (Doc. 69). To the extent plaintiff also asks the court to "treat his Response as a Motion for Summary Judgment" the clerk's office has already filed plaintiff's Response as such.[30]

Accordingly,

IT IS THEREFORE ORDERED that plaintiff's Motion to Compel (Doc. 57), Motion Requesting Class Certification and to Appoint Counsel for the Class (Doc. 58), Motion for Pretrial Conference (Doc. 59), Motion for Sanctions (Doc. 60) and Motion to Compel (Doc. 61), Motions to Strike defendant's Response (Docs. 72 and 73) and Motion to Appoint Counsel (Doc. 74) are denied.

IT IS FURTHER ORDERED that plaintiff's Motion to Supplement Exhibit A of plaintiff's

---

[30]*See* Plaintiff's Motion for Summary Judgment Against Defendant Sanders (Doc. 70).

8

response (Doc. 75) is granted. The clerk's office shall attach plaintiff's Motion to Supplement (Doc. 75) as a supplement to Exhibit A to plaintiff's response (Doc. 69) to defendant Sanders' Motion to Dismiss (Doc. 56).

IT IS FURTHER ORDERED that defendant Sharp shall file a responsive pleading within eleven (11) days of this order.

IT IS FURTHER ORDERED that pursuant to Fed. Rul Civ. P. 4(d) the clerk of the court shall reissue summons to defendant Phaam.

IT IS SO ORDERED.

Dated this 5th day of March, 2008, at Topeka, Kansas.

                                                  s/ K. Gary Sebelius  
                                                  K. Gary Sebelius  
                                                  U.S. Magistrate Judge