IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD C. SMITH,

                Plaintiff,

v.                                      Case No. 03-3451-SAC

PHAMM (fnu) et al.,

                Defendants.

## **ORDER**

The following motions are pending before the undersigned: defendant Sanders Motion to Strike Plaintiff's Response to Defendant Sanders' Reply to Defendant Sanders' Motion to Dismiss (Doc. 81), defendant (fnu) Phaam's Motion for Extension of Time (Doc. 85), and plaintiff's Motion for Default Judgment (Doc. 80), Motion to Voluntary Dismiss Surreply (Doc. 82), Motion for Leave to File Surreply (Doc. 83), Motion for Alternative Dispute Resolution (Doc. 90) Motion to Continue Pending Proceedings (Doc. 97), and Motion to Strike Response (Doc. 102).

    **I.**        **Background**

This matter is before the court on a civil rights actions filed pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on November 20, 2003. On March 16, 2005, the Honorable G. Thomas Van Bebber granted provisionally plaintiff's motions for service (Docs. 6 and 9), but denied plaintiff's motions for appointment of counsel and for class certification (Docs. 4, 5, and 7).[1] On October 4, 2005, plaintiff noticed his voluntary dismissal of all claims against defendants Cummings and Roberts (Doc. 14) and the court terminated those defendants from the docket.

On June 3, 2005, this case was transferred to the Honorable Sam A. Crow.[2] On February 7,

---

[1] *See* Order (Doc. 10).

[2] *See* Minute Order (Doc. 12).

2006, Judge Crow instructed the clerk of the court to (1) prepare summons and waiver of service forms for the remaining defendants pursuant to Rule 4(d) of the Federal Rules of Civil procedure and (2) list the Kansas Department of Corrections ("KDOC") as an interested party in the lawsuit. Judge Crow then directed the KDOC to undertake a review of the subject matter of the complaint and prepare a *Martinez* report.

Summons were returned executed by the Attorney General's Office as to defendants Bottorff, Sanders, Sharp, and Phamm indicating that the State did not represent these defendants.[3] However, defendants Bottorff and Sharp both executed a waiver of service (Docs. 16 and 17) and an attorney entered her appearance on behalf of both defendants (Docs. 28 and 32).

On February 9, 2007, Judge Crow further ordered the clerk of the court to prepare a waiver of service form for defendant Sanders pursuant to Rule 4(d) and again required that the Department of Corrections file a *Martinez* report.[4] On April 9, 2007, the Department of Corrections filed its *Martinez* report (Doc. 40).

On May 7, 2007, defendant Sharp filed a Motion for a More Definitive Statement (Doc. 45) and defendant Bottorff filed a Motion to Dismiss (Doc. 46). On September 25, 2007, Judge Crow denied defendant Sharp's Motion for a More Definitive Statement and granted defendant Bottorff's unopposed motion for dismissal.[5] The court further noted that defendant Phaam and Sanders had not filed a response and directed the clerk to reissue summons to those defendants. To that end an attorney entered her appearance on behalf of defendant Sanders, who has filed a Motion to Dismiss

---

[3]*See* Returns of Service (Docs. 18-25).

[4]*See* Order (Doc. 36)

[5]*See* Order (Doc. 50).

2

plaintiff's Amended Complaint (Doc. 56).  Defendant Phaam was not served.

On March 5, 2008, the undersigned ordered defendant Sharp to file a responsive pleading and instructed the Clerk's office to reissue summons to defendant Phaam pursuant to Fed. Rule Civ. P. 4(d).  On May 1, 2008 counsel entered her appearance on behalf of defendant Phaam.

## II.     Discussion

As a general matter, the court is mindful that plaintiff is proceeding *pro se* and thus his filings should be liberally construed and held to a less stringent standard.[6]  This requires the court to look past any confusion of legal theories or a failure to cite proper legal authority.[7]  However, despite this liberal construction, "the court will not construct arguments or theories for the [movant] in the absence of any discussion of those issues."[8]

### A.     Plaintiff's Motion for Default Judgment (Doc. 80) and Defendant Sharp's Motion for Extension of Time (Doc. 85) and Motion to Strike Response to Default Judgment (Doc. 102).

Plaintiff's Motion Requesting an Order of Default Judgment Against The Defendant Chad Sharp (Doc. 80) seeks an entry of default judgment against defendant Sharp.  In turn, defendant (fnu) Sharp has filed a  Memorandum in Opposition to Plaintiff's Motion for Default Judgment and in Support of an Extension of Time to File Responsive Pleading, or to File Responsive Pleading Out of Time (Doc. 85) as well as an additional Response (Doc. 99) which plaintiff has sought to have stricken (Doc. 102).

---

[6] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[7] *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[8] *Id.*

**1.     Standard**

Rule 55(a), of the Federal Rules of Civil Procedure, provides: "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and the fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default."  Rule 55(b)(2), applicable in cases where the defaulting party is not an infant or incompetent, provides: " the party entitled to a judgment by default shall apply to the court therefor . . . ."

Generally, federal courts disfavor default judgment as a "harsh" sanction.[9] Because the courts favor resolution of disputes based on the merits, default judgment ordinarily is available only where a party's failure to respond has thwarted the adversarial process.[10]

**2.     Background**

Upon the request of defendant Sharp[11], Judge Crow gave defendant Sharp until May 7, 2007 to file a responsive pleading.[12] On May 7, 2007, defendant Sharp filed a Motion for More Definitive Statement and Alternate Conditional Responsive Pleading (Doc. 45) and on September 25, 2007, Judge Crow denied the motion.

As part of the Motion for a More Definitive Statement, defendant Sharp stated, "this Defendant files this response to Plaintiff's Amended Complaint, which is conditional in the event Plaintiff is required to file a more definitive statement[.] . . . This Defendant's response will

---

[9]*Ruplinger v. Rains*, 946 F.2d 731, 732-33 (10th Cir. 1991).

[10]*Id.*

[11]*See* Motion for Extension of Time to File Answer (Doc. 43).

[12]*See* Order (Doc. 44).

correspond to the page numbers of Plaintiff's Amended Complaint and where applicable, the numbered paragraphs and/or headings noted by Plaintiff."[13] Upon denying the motion, Judge Crow did not comment on whether the other portion of defendant Sharp's motion constituted a responsive pleading. On March 5, 2008, the undersigned ordered defendant Sharp to file a response to plaintiff's Amended Complaint within eleven days.

On March 24, 2008, plaintiff filed a Motion Requesting an Order of Default Judgment Against The Defendant Chad Sharp seeking an entry of default because defendant Sharp had failed to file a responsive pleading.[14] On April 2, 2008 defendant Sharp filed his Memorandum in Opposition to Plaintiff's Motion for Default Judgment and in Support of an Extension of Time to File Responsive Pleading, or to File a Responsive Pleading Out of Time (Doc. 85) stating that "the Notice of Filing [of the court's March 5, 2008 order] was inadvertently overlooked and has resulted in the delay in filing a responsive pleading."[15] As a result, defendant Sharp asked the motion for default judgment be denied and he be permitted to file a responsive pleading within ten days of the court's ruling. On June 3, 2008, defendant Sharp filed another response to plaintiff's Motion for Default (Doc. 85) stating "defendant Sharp refers to his Motion for More Definitive Statement and Alternative Conditional Responsive Pleading . . . which in effect, constitutes an answer to the allegations in plaintiff's Complaint. If necessary, defendant Sharp will file a formal pleading as his answer."[16]

---

[13] Motion for a More Definitive Statement (Doc. 45) at p. 2.

[14] Motion for Default (Doc. 80) at p. 1.

[15] Response (Doc. 87) at p. 2.

[16] Response (Doc. 99) at p. 1.

### 3.     Discussion

Under Rule 12(e) of the Federal Rules, "A party may move for a more definitive statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made *before* filing a responsive pleading and must point out the defects complained of and the details desired."[17] Here, instead of filing the motion for a more definitive statement prior to filing a responsive pleading, defendant Sharp made these two incongruous filings jointly. Furthermore, defendant Sharp's purported answer states it is "conditional in the event Plaintiff *is* required to file a more definitive statement[.]"[18]

However, it is also clear, upon the undersigned's close review, that defendant Sharp intended for his motion for a More Definitive Statement to alternatively act as an answer to plaintiff's Amended Complaint. Indeed, because "[p]leadings must be construed so as to do justice"[19] and considering that defendant Sharp's proposed answer states "in short and plain terms [his] defenses to each claim asserted against [him]" and admits or denies "the allegations asserted against [him]"[20] as required by the Federal Rules, in the interest of justice, the court shall construe plaintiff's Motion for a More Definitive Statement as defendant Sharp's answer to plaintiff's Amended Complaint. As such, entry to default judgment is improper because defendant Sharp's answer was not untimely.

Additionally, the court notes that even if the court did not construe defendant Sharp's filing as his answer, several factors counsel against the entry of a default judgment, namely (1) the delay

---

[17](Emphasis added).

[18]Motion for a More Definitive Statement (Doc. 45) at p. 2.

[19]*See* Fed. Rule Civ. P. 8(e).

[20]Fed. Rule Civ. P. 8(b)(1).

6

has not negatively impacted the judicial proceedings;[21] (2) defendant Sharp has raised a meritorious defense;[22] and (3) appears to have acted in good faith.[23]  The present facts do not warrant the imposition of the "harsh" sanction of default judgment.

In light of the above, plaintiff's Motion to Strike defendant Sharp's Response to plaintiff's Motion for Default Judgment (Doc. 102) is moot; and, therefore, is denied.

### B. Defendant Sanders' Motion to Strike (Doc. 81) and plaintiff's Motion to Voluntary Dismiss Surreply (Doc. 82) and Motion for Leave to File Surreply (Doc. 83).

Because plaintiff has voluntarily sought to dismiss his surreply (Doc. 82), defendant Sanders' Motion to Strike (Doc. 81) is moot. However, because plaintiff has also sought leave to file a surreply (Doc. 83) in support of his response in opposition (Doc. 69) to defendant Sanders' Motion to Dismiss, the court will consider whether such relief is appropriate.

As a general matter, in the District of Kansas, "surreplies are typically not allowed."[24]  The court permits surreplies only in "rare circumstances as where a movant improperly raises new arguments in a reply."[25]

---

[21] *See also Stines v. Martin*, 849 F.2d 1323, 1325 (10th Cir. 1988)(noting that default judgment was not necessary in a habeas case when the delay in filing was not "a pattern of delay" but rather "was apparently an isolated and inadvertent mistake.")

[22] *In re Rains*, 946 F.2d 731, 734 (10th Cir. 1991)(stating that the "[i]n arriving at a determination regarding a possible lesser sanction [than default judgment], the district court may consider whether [the would-be defaulting party] can demonstrate a meritorious defense to the underlying claim.").

[23] *Williams* v. Dist. Nine Drug Task Force, No. 05-777, 2006 U.S. Dist. LEXIS 24217, at *11-12 (D. Okla. February 28, 2006).

[24] *Taylor v. Sebelius*, 350 F. Supp. 2d 888, 900 (D. Kan. 2004) (citing *Metzger v. City of Leawood*, 144 F. Supp. 2d 1225, 1266 (D. Kan. 2001)).

[25] *King v. Knoll*, 399 F. Supp. 2d 1169, 1174 (D. Kan. 2005)(citations omitted).

Here, plaintiff has failed to identify, and the court has failed to find, any new argument raised by defendant in his reply. Indeed, plaintiff states defendant Sanders reply either misunderstands plaintiff's argument "and/or is attempting to confuse this court on the facts of evidence that the plaintiff has argued in his response."[26] Plaintiff further explains that his proposed surreply does not raise "any new arguments" but rather "is simply clarifying the ones that he has already raised before this court in his response."[27]

The court finds the instant facts do not amount to the sort of "rare circumstances" wherein the court will permit the filing of a surreply. The court has an interest in "minimizing the battles over which side should have the last word"[28] and plaintiff, even construing his filing liberally, has not presented the court with any reason as to why his word should be the last. Therefore, plaintiff's Motion to file a Surreply (Doc. 83) is denied.

### C. Plaintiff's Motion Requesting a Continuance from all Proceedings (Doc. 97) and Plaintiff's Motion for Alternative Dispute Resolution (Doc. 90).

Plaintiff seeks to temporarily stay matters for thirty (30) days to allow plaintiff and defendant Sharp to fully explore settlement possibilities. Defendant Sanders opposes the motion, arguing that he has not been privy to any settlement discussions and, as such, contends that "a stay or continuance in the proceedings so that Plaintiff and co-defendant Sharp can negotiate settlement would prejudice Sanders by delaying those proceedings."[29] In turn, plaintiff argues, and this court agrees, that the continuance "should be granted to allow the parties to attempt to settle these claims

---

[26] Motion for Leave (Doc. 83) at p. 1.

[27] *Id.*

[28] *McShares, Inc. v. Barry*, 979 F. Supp. 1338, 1341 (D. Kan. 1997).

[29] Response (Doc. 98) at p. 2-3.

8

out of court."[30] Here, the court can discern no possible prejudice defendant Sanders would suffer by allowing *all* of the parties additional time to explore settlement.

As a result, the court will grant plaintiff's requested stay for thirty (30) days from the filing of his motion, to encourage settlement. To afford the parties additional time to attempt to settle these claims, the court temporarily stays the parties' proceedings until June 30, 2008. On or by July 1, 2008, defendant Sanders shall apprise the court as to the settlement status of this matter. After such appraisal, the court will determine whether definitive deadlines pertaining to the commencement of formal discovery are appropriate.

In light of the above, the court also finds plaintiff's request for Alternative Dispute Resolution (Doc. 90) premature.

Accordingly,

IT IS THEREFORE ORDERED defendant Sanders' Motion to Strike Plaintiff's Response (Doc. 81), defendant (fnu) Phaam's Motion for Extension of Time (Doc. 85), and plaintiff's Motion for Alternative Dispute Resolution (Doc. 90) and Motion to Strike Response (Doc. 102) are denied as moot.

IT IS FURTHER ORDERED that plaintiff's Motion to Voluntary Dismiss Surreply (Doc. 82) and Motion to Continue Pending Proceedings (Doc. 97) are granted as discussed herein.

IT IS FURTHER ORDERED Motion for Leave to File Surreply to Defendant Sanders Reply (Doc. 83) is denied.

IT IS THEREFORE RECOMMENDED, that plaintiff's Motion for Default Judgment (Doc.80) should be denied. Copies of this recommendation and report shall be mailed either

---

[30] Reply (Doc. 100) at p. 2.

electronically or via the United States Postal Service to the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Federal Rule of Civil Procedure 72(b) and D. Kan. Rule 72.134, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

IT IS SO ORDERED AND RECOMMENDED.

Dated this 16th  day of June, 2008, at Topeka, Kansas.

 s/ K. Gary Sebelius
K. Gary Sebelius
U.S. Magistrate Judge