IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

TODD C. SMITH,

                Plaintiff,

v.                                          Case No. 03-3451-SAC

PHAMM (fnu) et al.,

                Defendants.

**ORDER**

Plaintiff has filed a Motion to Compel Defendant Sharp to Produce Requested Discovery Documents (Doc. 106). Defendant Sharp has filed a response (Doc. 108). The court finds further briefing on this issue unnecessary and is prepared to rule.

**Background**

Plaintiff brings his claims under 42 U.S.C. § 1983 and seeks relief regarding allegations that defendant Sharp failed to provide plaintiff adequate medical care and treatment. Plaintiff alleges that plaintiff suffered cruel and unusual punishment because of defendant Sharp's "fail[ure] and refus[al] to provide adequate medical treatment of the plaintiff's serious medical needs as a state prisoner on chronic care suffering from the diseases of H.I.V. and H.CV. [hepatitis C virus], by denying the plaintiff medical care and treatment for six months, and forc[ing] the plaintiff to endure serious abdominal pains, cramps, and swelling."[1] Specifically, plaintiff alleges that defendant Sharp (1) failed "to provide adequate sick call procedures for the plaintiff to obtain adequate medical care and treatment" such that plaintiff "suffer[ed] with abdominal pains, cramps and swelling . . . [and] constant diarrhea[2]; and (2) denied plaintiff an examination by a physician and refused to conduct

---

[1]Amended Complaint (Doc. 3) at p. 18.

[2]*Id.* at 15.

mandatory blood work which led plaintiff to developing a resistance to his H.I.V. medication, resulting in additional physical pain.[3]

Judge Crow has ordered "Discovery by plaintiff shall not commence until plaintiff has received and reviewed defendants' answer or response to the complaint and the report requested herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f)."[4] As all remaining defendants have filed responses to plaintiff's complaint,[5] plaintiff is free to seek discovery within the bounds of the Federal Rules of Civil Procedure.

**Motion to Compel**

Plaintiff seeks the following documents from defendant Sharp:

a. documents evidencing Correct Care Solutions, L.L.C.'s level of public funding;
b. documents evidencing receipt of funds by Correct Care Solutions, L.L.C.'s for inmate treatment services;
c. documents evidencing whether Correct Care Solutions, L.L.C.'s services were offered on public or private property;
d. documents evidencing whether Correct Care Solutions, L.L.C.'s performed a private or public function;
e. documents evidencing whether Correct Care Solutions, L.L.C.'s performed services that were part of a public agency's chosen decision making process;
f. documents evidencing a public agency's involvement with, regulation of, or control over Correct Care Solutions, L.L.C.;
g. documents evidencing whether Correct Care Solutions, L.L.C. was created by a public agency;
h. documents evidencing whether the public agency has a substantial financial interest in Correct Care Solutions, L.L.C.;
i. documents evidencing whose benefit that Correct Care Solutions, L.L.C. is functioning for;
k. copy of all the plaintiff's medical records, including mental health records from June 5, 2002 to present;
l. all incident and investigation reports of Correct Care Solutions, L.L.C.;
m. Correct Care Solutions, L.L.C. documents and reports for procedures relating to providing care

---

[3]*Id.* at 16-17.

[4]*See* Order (Doc. 15) at p. 3.

[5]*See* defendant Sander's Motion to Dismiss (Doc. 56) and defendant Sharp's Conditional Responsive Pleading (Doc. 45).

to chronic care inmates;
n. Correct Care Solutions, L.L.C. procedures and policies for providing care to chronic care inmates;
o. and p. Correct Care Solutions, L.L.C. procedures and policies for doing blood lab work for various types of patients;
r. any and all contracts or agreements that plaintiff has signed regarding his chronic care treatment;
s. Correct Care Solutions, L.L.C. procedures and policies regarding medical diets for inmates; and
t. medical diet orders for plaintiff.

Defendant Sharp's argues that the court should deny plaintiff Smith's Motion to Compel because defendant Sharp has none of these documents in his possession, custody or control pursuant to Fed. Rule Civ. P. 34.[6] Indeed, in response to plaintiff's discovery requests Defendant Sharp stated he "does not have in his possession, custody or control any such documents" and "is not aware that any such documents exist."[7]

**Standard**

"At the outset, the court notes that it is mindful that plaintiff is proceeding *pro se* and thus his motions should be liberally construed and held to a less stringent standard.[8] This requires the court to look past any confusion of legal theories or a failure to cite proper legal authority.[9] Despite this liberal construction, *pro se* litigants are not entitled to ignore the fundamental rules of civil procedure.[10]

The Federal Rules of Civil Procedure require production of documents "which are under the

---

[6]Response (Doc. 108) at p. 3. Defendant Sharp raised relevance objections as to request nos. a-i, k-p, and r-t in his response to plaintiff's requests for production. *See* Motion to Compel (Doc. 103) at (Exhibit 2) p. 1. However, defendant Sharp does not raise this objection in response to the instant motion to compel and therefore has waived the argument.

[7]*See* Motion to Compel (Doc. 103) at (Exhibit 2) p. 2.

[8]*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[9]*Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

[10]*Ogden v. San Juan County*, 32 F. 452, 455 (10th Cir. 1994).

3

possession, custody or control of the party upon whom the request is served."[11] The party seeking production of documents bears the burden of proving that the opposing party has the control required under Fed. R. Civ. P. 34(a).[12] "Fed. R. Civ. P. 34 does not require a party to create responsive documents if they do not exist in the first instance" and "the Court cannot compel a party to produce documents that do not exist."[13]

**Discussion**

Plaintiff states that defendant Sharp could "obtain the[se records] through his representatives and the K.D.O.C. through his counsel."[14] However, the Kansas Department of Corrections (KDOC) is only an "Interested Party" in this litigation for the purposes of authoring the *Martinez* report, and is not a defendant party in this litigation. Indeed, even if the KDOC were a party to litigation, document requests regarding documents in its control should be directed at the KDOC, not defendant Sharp. While "control" under Rule 34 contemplates more than mere physical possession of the documents,[15] plaintiff has failed to demonstrate, and the court cannot reason, how defendant Sharp could possess documents pertaining to the inner workings of Correct Care Solutions, L.L.C.

---

[11]*See* Fed. R. Civ. P. 34(a).

[12]*Super Film of America, Inc., v. UBC Films,* Inc., 219 F.R.D. 649, 653 (D. Kan. 2004) (citing *Norman v. Young*, 422 F.2d 470, 472 (10th Cir. 1970)).

[13]*Azimi v. UPS, Inc.*, No. 06-2114-KHV, 2007 U.S. Dist. LEXIS 49762, at * 27-28 (D. Kan. July 9, 2007).

[14]Motion to Compel (Doc. 103) at p. 2.

[15]"[C]ontrol comprehends not only possession but also the right, authority, or ability to obtain the documents." *Super Film*, 219 F.R.D. at 651 (citing *Comeau v. Rupp*, 810 F. Supp. 1127, 1166 (D. Kan. 1992); *see also McCoo v. Denny's, Inc.*, 192 F.R.D. 675, 692 (D. Kan. 2000); *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 307 (D. Kan. 1996)).

an unrelated non-party in this action.[16]

Accordingly,

IT IS THEREFORE ORDERED that plaintiff's Motion to Compel (Doc. 106) is denied.

IT IS SO ORDERED.

Dated this  28th  day of July, 2008, at Topeka, Kansas.

                                 s/ K. Gary Sebelius
                                K. GARY SEBELIUS
                                U. S. MAGISTRATE JUDGE

---

[16] Defendant Sharp states that "other" defendants might possess these documents, however, Correct Care Solutions, L.L.C. is not a defendant. Fed. R. Civ. P. 45 provides a means by which a party may obtain documents from non-parties.